IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONALD HOFFMAN,<br><br>Plaintiff,<br><br>v.<br><br>CORRECT CARE SOLUTIONS, INC., and<br>DOUGLAS COUNTY, NEBRASKA,<br><br>Defendants. | **8:20CV101**<br><br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the Court on Douglas County, Nebraska's, ("Douglas County") Motion for Partial Summary Judgment (Filing No. 36) and plaintiff Ronald Hoffman's ("Hoffman") Objection to Summary Judgment (Filing No. 39) construed as a brief in opposition to Douglas County's motion.[1]  Douglas County seeks an order from the Court dismissing count one of Hoffman's complaint, alleging state law negligence claims, as untimely under the Nebraska Political Subdivisions Tort Claims Act (the "Act"), Neb. Rev. Stat. § 13-901 *et seq.* For the reasons stated below, Douglas County's motion will be granted.

## I.    BACKGROUND

### A.    Facts[2]

---

[1] *See* NECivR 7.1(b)(1)(A) ("The party opposing a motion must not file an 'answer,' 'opposition,' 'objection,' or 'response,' or any similarly titled responsive filing. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority.").

[2] It does not appear that the facts are disputed.  However, Hoffman did not respond to Douglas County's statement of material facts, and they are considered admitted. NECivR 56.1(b)(1) ("Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response."); *see also Tramp v. Associated Underwriters, Inc.*, 768 F.3d 793, 799 (8th Cir. 2014).

Hoffman was incarcerated at the Douglas County Correctional Center ("DCCC") from June 11, 2016 until October 5, 2016. Defendant Correct Care Solutions, Inc. ("CCS") provided medical care to Hoffman during his incarceration. Hoffman has not been incarcerated at DCCC nor received medical care from Douglas County or CCS since October 5, 2016.

Hoffman alleges that in July 2016, while incarcerated at DCCC, he developed a staph infection. After his release, Hoffman alleges he sought medical care and believed the staph infection was cured. The staph infection allegedly resurfaced on or about September 25, 2017.

### B.    Procedural History

Hoffman filed a written notice of claim with the Douglas County Clerk/Comptroller on August 28, 2017, regarding the infection and allegedly negligent treatment during his incarceration. He filed a second notice of claim on August 30, 2019. Hoffman filed this action (Filing No. 1-1) in the District Court of Douglas County, Nebraska, on March 4, 2020. Defendants timely removed to this Court (Filing No. 1) on March 28, 2020.

On August 13, 2020, CCS filed a motion for partial summary judgment (Filing No. 26) arguing that Hoffman's claim of professional negligence was untimely under the relevant statute of limitations. The Court granted CCS's motion (Filing No. 32) on September 14, 2020. Douglas County filed the present motion (Filing No. 36) on October 5, 2020.

## II.    DISCUSSION

### A.  Standard of Review

Under Rule 56(a), summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A party cannot defeat a summary judgment motion by asserting 'the mere existence of some alleged factual dispute between the parties'; the party must assert that

there is a 'genuine issue of material fact.'" *Quinn v. St. Louis Cnty.*, 653 F.3d 745, 751 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

The Court views the facts "in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)). "To show a genuine dispute of material fact, a party must provide more than conjecture and speculation." *McConnell v. Anixter, Inc.*, 944 F.3d 985, 988 (8th Cir. 2019) (quoting *Zayed v. Associated Bank, N.A.*, 913 F.3d 709, 720 (8th Cir. 2019)). They have "an affirmative burden to designate specific facts creating a triable controversy." *Id.* (quoting *Crossley v. Ga.-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004)).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Doe v. Dardanelle Sch. Dist.*, 928 F.3d 722, 725 (8th Cir. 2019) (quoting *Anderson*, 477 U.S. at 248). "If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be granted." *Smith-Bunge v. Wis. Cent., Ltd.*, 946 F.3d 420, 424 (8th Cir. 2019).

## B. Timeliness Under the Act

In Nebraska, the Political Subdivisions Tort Claims Act (the "Act") "reflects a limited waiver of governmental immunity and prescribes the procedure for maintenance of a suit against a political subdivision." *Polinski v. Omaha Pub. Power Dist.*, 554 N.W.2d 636, 639 (Neb. 1996) (quoting *Chi. Lumber Co. v. Sch. Dist. No. 71*, 417 N.W.2d 757, 764 (Neb. 1988)). The Act "is the exclusive means by which a tort claim may be maintained against a political subdivision or its employees." *Geddes v. York Cnty.*, 729 N.W.2d 661, 665 (Neb. 2007) (citing *Jessen v. Malhotra*, 665 N.W.2d 586 (Neb. 2003); *Keller v. Tavarone*, 655 N.W.2d 899, 240 (Neb. 2003)).

In order to bring a timely action against a political subdivision under the Act, a claimant must meet two filing deadlines. First, the claimant must file a written notice of

the claim within one year after the claim has accrued.  Neb. Rev. Stat. § 13-919(1) ("Every claim against a political subdivision permitted under the Political Subdivisions Tort Claims Act shall be forever barred unless within one year after such claim accrued the claim is made in writing to the government body.").  Second, "all suits permitted by the act shall be forever barred unless begun within two years after such claim accrued."  *Id.*  The second deadline may be extended by up to six months from the date of withdrawal of the claim[3] from the political subdivision if the two-year deadline would otherwise expire before the end of the six-month period.  *Id.*

The Nebraska Supreme Court has stated that, for purposes of the Act, a cause of action accrues "when a potential plaintiff discovers, or in the exercise of reasonable diligence should discover, the political subdivision's negligence."  *Polinski*, 554 N.W.2d at 639.  Hoffman admitted that on October 13, 2016, he told his treating physician that the treatment he received at DCCC was ineffective.  (Filing No. 37-1).  As to the timeliness of the action, it is not relevant whether Hoffman knew the infection would resurface.  *Gordon v. Connell*, 545 N.W.2d 722, 726 (Neb. 1996) ("[O]ne need not know the full extent of one's damages before the limitations period begins to run.").  His cause of action accrued, and the limitations period began to run, at the latest, by October 13, 2016.  Hoffman did not file his complaint within the two-year limitations period set forth by the Act.  Therefore, this action is untimely under the Act.

Hoffman acknowledges that he "did not strictly comply with the Act's two deadlines, but [argues that he] put the Defendant Douglas County on Notice in a timely fashion and in the spirit of the Act."  (Filing No. 39).  He argues that by filing his second notice of claim on August 20, 2019, he protected his claim and the action was filed within

---

[3]Under the Act, a claimant may not file a lawsuit unless the political subdivision's governing body has made final disposition of the claim, unless the governing body does not make final disposition of the claim within six months; in such case the claimant may withdraw the claim from the governing body's consideration and file a lawsuit. Neb. Rev. Stat. § 13-906.

two years and six months of that notice.  However, the Court must strictly construe the Act in favor of the sovereign.  *Lane v. Pena*, 518 U.S. 187, 192 (1996) ("[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."); *Rouse v. State*, 921 N.W.2d 355, 359-60 (Neb. 2019) ("Statutes that purport to waive the State's protection of sovereign immunity are strictly construed in favor of the sovereign and against the waiver." (citing *Amend v. Neb. Pub. Servs. Comm'n*, 905 N.W.2d 551 (Neb. 2018))).  Strict compliance with the Act's procedural requirements must be observed.  Hoffman did not strictly comply with the Act.

Hoffman next argues that this action should be considered timely because Douglas County never made a final disposition of his claim.  This argument must also fail.  Under the Act, Hoffman could have withdrawn his notice of claim after six months of filing and brought this action even though Douglas County never made a final disposition.  Neb. Rev. Stat. § 13-906 ("[I]f the governing body does not make final disposition of a claim within six months after it is filed, the claimant may, by notice in writing, withdraw the claim from consideration of the governing body and begin suit under such act and sections.").  Any inaction on the behalf of Douglas County does not excuse Hoffman's failure to file this action in a timely manner.

## III.   CONCLUSION

Hoffman's cause of action accrued no later than October 13, 2016.  Under the Act, a complaint must be filed within two years of the accrual of the cause of action—October 13, 2018.  Hoffman's state law negligence claim is untimely.  Accordingly,

IT IS ORDERED:

1.    Douglas County's Motion for Partial Summary Judgment is granted.

2.    Hoffman's Objection to Summary Judgment is overruled.

3.    Hoffman's first cause of action for state law negligence against Douglas County is dismissed with prejudice.

Dated this 10th day of November 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge